19-11850
DET 123458
28

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DERRICK LEE SMITH, #267009,
     PETITIONER,

VS

S.L. BURT, Warden,
     RESPONDENT,
_____/

Case: 2:19-cv-11850
Judge: Steeh, George Caram
MJ: Patti, Anthony P.
Filed: 06-21-2019 At 11:10 AM
HC SMITH VS BURT (RB)

PETITION FOR WRIT OF HABEAS CORPUS
UNDER 42. U.S.C. §2254 BY A PERSON IN STATE CUSTODY

THIS IS A PETITION FOR WRIT OF HABEAS CORPUS FILED BY A PERSON
IN STATE CUSTODY BEING HELD CONTRARY TO CLEARLY ESTABLISHED LAW
AND THE CONSTITUTION AND THAT I AM BEING HELD ILLEGALLY AND
AGAINST MY WILL AND IN VIOLATION OF CLEARLY ESTABLISHED LAW
REQUIRING THIS COURT TO ENTER AN ORDER TO GRANT THE WRIT OF HABEAS
CORPUS AND AS PROOF OF THE FACT THAT PETITIONER IS IN CUSTODY IN
VIOLATION OF CLEARLY ESTABLISHED LAW AND RULE AND THE CONSTITUTION
AND IT IS BASED ON THE FOLLOWING FACTUALLY BASED ARGUMENTS

CASE HISTORY ON APPEAL

THE MATTER IS BASED ON A SUCCESSIVE MOTION FOR RELIEF FROM
JUDGEMENT OF SENTENCE THAT HAS BEEN DENIED ON JUNE 6, 2019 BY THE
HONORABLE BRIDGET MARY HATHAWAY---OF THE WAYNE COUNTY CIRCUIT
COURT FOR THE THIRD CIRCUIT'S CRIMINAL DIVISION AFTER SHE WAS
ASSIGNED TO HEAR THE CASE AND PROVIDING SAID DECISION TO THE
PETITIONER ON JUNE 11, 2019.

   2. PETITIONER WAS SENTENCED AFTER BEING-CONVICTED BY A PLEA OF
NOLO CONTENDRE ON OCTOBER 14, 2008 FOR 2 COUNTS OF KIDNAPPING AND
6 COUNTS OF CRIMINAL SEXUAL CONDUCT BY JUDGE HARVEY F. TENNEN.

   3. THE TRIAL COURT DID NOT HAVE SUBJECT MATTER OR PERSONAL
MATTER JURISDICTION TO IMPOSE A JUDGEMENT OF CONVICTION OR
SENTENCE BECAUSE OF THE FAILURE TO EVEN SCHEDULE OR TIMELY HOLD A

(1)

PRELIMINARY EXAMINATION WITHOUT 14 DAYS OF THE ARRAIGNMENT ON THE COMPLAINT, WARRANT CHARGES IN THE DISTRICT COURT AND THE FAILURE TO HAVE THE PRELIMINARY EXAMINATION WITHIN FOURTEEN DAYS WAS A VIOLATION OF CLEARLY ESTABLISHED STATE AND FEDERAL LAW AND COURT RULES WITH THERE BEING NO EXCUSE EVEN PROVIDED FOR NOT HAVING THE PRELIMINARY EXAMINATION ON THE 14TH DAY.

5. THE TRIAL COURT JUDGE HATHAWAY PROVIDED A REASON AS THE BASIS FOR DENIAL AS BEING SEEN ON PAGE 3. LINES 13-15 OF HER DECISION AS BEING "THE DEFENDANT WAS PHYSICALLY PRESENT ON IN THE 36TH DISTRICT COURT ON THE DATE HIS EXAMINATION WAS HELD." THAT IS NOT THE BASIS OF THE ARGUMENT PRESENTED BY THE PETITIONER. THE PETITIONERS CLAIM IS CLEAR...THE DATE OF IT BEING SCHEDULED IS IN FACT A DATE THAT WAS OVER THE 14 DAYS AS WAS REQUIRED BY CLEARLY ESTABLISHED LAW AND RULE, SPECIFICALLY, PEOPLE V. DAVID WESTON (1982. REQUIRING THAT THE DEFENDANT APPEAR FOR THE PRELIMINARY EXAMINATION WITHIN 14 DAYS OF THE ARRAIGNMENT ON THE CHARGES.

IN THIS CASE, THE ARGUMENT AND VIOLATION IS VERY CLEAR AND IS PROVEN BY THE ATTACHED TRANSCRIPTS THAT SHOW THE PETITIONERS ARGUMENT IS CORRECT AND THAT NO SUBJECT MATTER OR PERSONAL MATTER JURISDICTION WAS EVER OBTAINED BY THE TRIAL COURT TO ENTER A CONVICTION OF SENTENCE AND THAT IT WAS DONE BY THE RESPONDENTS INTENTIONALLY AND CONTRARY TO THE PETITIONER 6TH AND 14TH AMENDMENT RIGHTS UNDER THE STATE AND FEDERAL CONSTITUTIONS.

THE COURT CAN CLEARLY SEE THAT THE FELONY ARRAIGNMENT DATE WAS JANUARY 15, 2008 AND THE NEXT TIME THE PETITIONER APPEARED IN COURT WOULD BE ON FEBRUARY 28, 2008. THIS IS CLEARLY AFTER THE 14 DAY TIME LIMIT AND THERE WAS NO REASON GIVEN AND TO SIMPLY SAY THAT "IT IS THE DATE SCHEDULED BY THE COURT IS NOT AN EXCUSE FOR THE DIRECT AND INTENTIONAL INFRINGEMENT AND VIOLATION OF THE PETITIONERS 6TH AMENDMENT RIGHTS TO A SPEEDY TRIAL AND HAVING THE PETITIONERS LIBERTY TAKEN WITHOUT DUE PROCESS OF LAW WHEN IT IS CLEARLY SOMETHING THAT SHOULD NOT HAVE BEEN DONE IN ACCORDANCE WITH STATE AND FEDERAL LAW.

THE PETITIONER EVEN OBJECTED TO IT HAPPENING AS JUDGE HATHAWAY EVEN ADMITTED IN HER JUNE 6, 2019 DECISION ON PAGE 3 LINES 15-16 WHERE SHE SAID, "THAT HE SPECIFICALLY OBJECTED TO THIS ISSUE



DURING THE FIRST DAY OF HIS PRELIMINARY EXAMINATION." SO NOW, YOU HAVE A SITTING JUDGE SAYING THAT THIS ISSUE WAS OBJECTED TO AND YET, THE COURT SAID THAT IT IS NOT A NEWLY DISCOVERED ISSUE, BUT IT WAS NOT ABLE TO HAVE BEEN PROVEN UNTIL THE PETITIONER WAS PROVIDED WITH THE ACTUAL TRANSCRIPTS OF SAID PROCEEDING THAT TOOK PLACE MORE THE 40 DAYS AFTER THE ARRAIGNMENT ON THE CHARGES AND INSTEAD OF UPHOLDING THIS PETITIONER RIGHTS, THE TRIAL COURT DECIDED TO JUST SAY "OH WELL, AND LETS THE CONVICTION STAND, WHEN THERE IS NO BASIS FOR THE CONVICTION TO EVEN STAND.

THE PETITIONER ALSO STATES THAT HE EVEN HAS PROOF OF ACTUAL INNOCENCE ON THE QUESTION INVOLVED ON THIS MATTER BECAUSE IT IS PROVEN BY THE AFFIDAVIT THAT HAS BEEN SWORN TO BEFORE A NOTARY PUBLIC THAT THE SO CALLED EVENTS THAT TRANSPIRED ON THE NIGHT OF THE "CRIME" IS IN FACT FALSE AND THAT THE DEFENDANT WAS IN FACT A HERO ON THAT NIGHT AND NOT A RAPIST AS HAS BEEN ALLEGED AND BECAUSE OF IT, THE PETITIONER IS PROVIDING THAT TO THIS COURT BECAUSE THIS COURT SHOULD KNOW THE DEPTHS THAT THE RESPONDENTS HAVE WENT TO IN FACT CLAIM THE PETITIONER IS GUILTY OF THE CHARGED OFFENSES WHEN IN FACT, THE PETITIONER IS INNOCENT OF IT AND THEY EVEN STOPPED THE PRELIMINARY EXAMINATION FROM BEING HELD ON THE 14TH DAY AND INSTEAD, DID IT ON MANY MANY MANY WEEKS AFTER THAT TIME FRAME, ALL TO ENSURE THAT THE PETITIONER DID NOT GET HIS SCHEDULED TIME HEARING AND ONLY TO CONVICT THE PETITIONER WHEN IN FACT, THE RESPONDENTS DID NOT HAVE JURISDICTION OR AUTHORITY TO EVEN HOLD A CONVICTION OR A SENTENCING HEARING BECAUSE OF THE VIOLATIONS OF THIS PETITIONERS RIGHTS UNDER THE 14TH AND 6TH AMENDMENTS OF THE STATE AND FEDERAL CONSTITUTIONS.

AS SUCH, THE PETITIONER HAS NOT ONLY PROVEN THAT THE 143 DAY TIME LIMIT WAS CLEARLY VIOLATION, BUT THE PETITIONER HAS PROVEN THAT THE VIOLATIONS TOOK PLACE INTENTIONALLY BY ONLY HAVING THE PETITIONER APPEAR 41 DAYS AFTER BEING ARRAIGNED AND NOT 14 DAYS AFTER CONTRARY TO THE STATE AND FEDERAL CONSTITUTIONS AND AS SUCH, THE PETITIONER IS IN FACT BEING HELD IN CUSTODY IN VIOLATIONS OF STATE AND FEDERAL LAW AND THE STATE AND FEDERAL CONSTITUTIONS, REQUIRING THIS COURT TO GRANT THE WRIT OF HABEAS CORPUS



## STATEMENT REGARDING EXHAUSTION

THERE IS NO APPEAL TO THE STATE APPELLATE COURTS FROM THE DENIAL OF A SUCCESSIVE MOTION FOR RELIEF FROM JUDGEMENT AND AS SUCH, THE COURT MUST IN FACT ALLOW THIS TO BE HEARD AND NOT HAVE IT DENIED ON THE BASIS F EXHAUSTION BECAUSE THERE IS NO APPEAL THAT CAN BE TAKEN AND THERE IS NO EXHAUSTION REQUIREMENT.

## RELIEF REQUESTED

PLEASE SEE THAT THE PETITIONER IS HELD IN CUSTODY IN VIOLATION OF CLEARLY ESTABLISHED LAW AND RULE AND THE CONSTITUTION FOR FAILING TO HAVE THE HEARING HELD ON THE 14TH DAY AS PROVEN BY THE TRANSCRIPTS AND THE PETITIONER IS IN FACT INNOCENT OF THE CHARGED CRIMES BASED ON THE ENCLOSED AFFIDAVIT AND GRANT ANY FURTHER RELIEF THIS COURT DEEM NECESSARY AND APPROPRIATE.

RESPECTFULLY YOURS,

MR. DERRICK LEE SMITH
#267009-4-105B
MCF-2400 S. SHERIDAN DRIVE
MUSKEGON, MI 49442

4

STATE OF MICHIGAN

IN THE 36TH DISTRICT COURT FOR THE CITY OF DETROIT

CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

                                    District Court
                                    No. 08-55483

       vs.

                                    Circuit Court
                                    No. 08-08639

DERRICK L. SMITH,

           Defendant.

_____/

FELONY ARRAIGNMENT

HELD BEFORE THE HONORABLE MILLICENT D. SHERMAN, MAGISTRATE

Detroit, Michigan - Tuesday, January 15, 2008

Reported by:        Penny F. Charlesworth, CSR-0314
                         Certified Shorthand Reporter
                         (313)965-5944

5-13-09
Clerk

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## TABLE OF CONTENTS

WITNESSES:                                                                    PAGE

   None sworn.

EXHIBITS:

   None marked.

2

1               Detroit, Michigan

2               Tuesday, January 15, 208

3               At about 1:43 p.m.

4               FELONY ARRAIGNMENT

5               COURT OFFICER:  Derrick Smith.

6               THE COURT:  Sir, sir, standby.  We're not on

7 the record yet.

8               THE CLERK:  Okay.  Case No. 08-55483, People

9 of the State of Michigan vs. Derrick Lee Smith, charged

10 in count one and two, kidnapping, penalty life or any

11 term of years, (and/or $50,000; count three, criminal

12 sexual conduct first degree, felony.  There is a

13 penalty of life or any term of years and mandatory

14 AIDS/STD testing, and there is also a second or

15 subsequent offense notice; counts four, five, six,

16 seven, and eight, criminal sexual conduct first degree

17 during a felony, penalty life or any term of years;

18 habitual offender fourth offense notice, penalty life

19 if the primary offense has a penalty of five years or

20 more, 15 years or less if primary offense is a penalty

21 under five years, and there is a commission of a felony

22 with a motor vehicle advisory.

23               THE COURT:  And, sir, state your name for the

24 record?

25               THE DEFENDANT:  Derrick Smith.

*[handwritten annotations: "Failed to Make it Part of the Plea - or Even Mention it Showing Direct Denial of a fair trial. To only Send to Prison from state and full denial O Fa fair Trial"]*

3

1      THE COURT:  Okay.  And you've heard the

2  charges that were just read, yes?

3      Sir, my question is, did you hear the charges?

4  That is the only question that I'm asking you at this

5  time?  Yes or no?

6  *New Question*  THE DEFENDANT:  Yes, I did hear the charges.

7      THE COURT:  And you understand the penalty

8  that you could receive, yes or no? *Question Asked and*

9      THE DEFENDANT:  No, I did not.  *Answered*

10      THE COURT:  Standby.

11  Mr. Pyles,

12  And I want you to listen very carefully, sir.

13  We're going to go over the penalties that you could

14  face.

15      Are you ready?

16      THE DEFENDANT:  I'm sorry.  Did you say do I

17  understand the charges?

18      THE COURT:  Sir, I asked you two questions.

19  The first question is did you hear the charges, yes or

20  no, to which you answered yes.  The second question was

21  do you understand the penalties, that is the second

22  question, yes or no?

23      THE DEFENDANT:  No, because I don't understand

24  the probable cause.  And we will be on this --

25      THE COURT:  Sir.  *Probable Cause To Arrest & Arraign*

4

1        THE DEFENDANT:  -- for as long as it takes.

2        THE COURT:  Sir?  Sir?

3        THE DEFENDANT:  My attorney will be.  I mean

4 no disrespect to you.

5        THE COURT:  Sir, step back to lockup.

6        THE DEFENDANT:  I didn't do it so how can I

7 understand it.

8        THE COURT:  Sir, back to lockup.

9 There is no commentary necessary.

10 (At about 1:45 p.m., the proceedings in this

11 matter were concluded.)

12

13

14

15

16

17

18

19

20

21

22

23

24

25

5

1              R E P O R T E R ' S    C E R T I F I C A T E

2     STATE OF MICHIGAN  )
                         )
3                        )  ss
                         )
4     COUNTY OF WAYNE    )

5

6              I, PENNY F. CHARLESWORTH, CSR-0314, an

7     Official Court Reporter in and for the 36th District

8     Court for the City of Detroit, State of Michigan,

9     Criminal Division, do hereby certify that the foregoing

10    pages 1 through 5, were reduced to typewritten form by

11    means of Computer-assisted Transcription, and comprise

12    a full, true and accurate transcript of the proceedings

13    heard in the matter of PEOPLE OF THE STATE OF MICHIGAN

14    vs. DERRICK L. SMITH, Case No. 08-55483 (District) and

15    08-08639 (Circuit) on Tuesday, January 15, 2008, before

16    the Honorable Millicent D. Sherman, Magistrate, 36th

17    District Court.

18                          _Penny F. Charlesworth_
                            PENNY F. CHARLESWORTH, CSR-0314
19                          36th District Court
                            421 Madison Avenue, Suite 2022
20                          Detroit, MI   48226

21

22    DATED:  This _7th_ day of _May_, 2009

23

24    MECHANICALLY REPRODUCED COPIES OF THIS TRANSCRIPT ARE NOT
      CERTIFIED UNLESS THE CERTIFICATE PAGE BEARS AN ORIGINAL
25    SIGNATURE.

STATE OF MICHIGAN

IN THE 36TH DISTRICT COURT FOR THE COUNTY OF WAYNE

CRIMINAL DIVISION

THE PEOPLE OF THE STATE OF MICHIGAN

          vs

DERRICK LEE SMITH

Defendant.

_____/

                    DISTRICT COURT
                    CASE NO.08-55483

                    CIRCUIT COURT
                    CASE NO.

**PRELIMINARY EXAMINATION**

BEFORE THE HONORABLE JUDGE NANCY M. BLOUNT

Detroit, Michigan - Monday, February 28, 2008

APPEARANCE:

For the People:

          ELIZABETH VAN MARCKE P#62312
          Assistant Prosecuting Attorney
          1441 St. Antoine St. Ste. 1007
          Detroit, Michigan 48226
          (313)224-5783

For the Defendant:

          RITA F. YOUNG P#44626
          Attorney at Law
          615 Griswold St. Suite 1721
          Detroit, Michigan 48226
          (313)963-3730

Reported By:

          SONYA WALKER #7727
          Official Court Reporter
          36th District Court

1

TABLE OF CONTENTS

WITNESSES:                                                              PAGE

     None

EXHIBITS:                                          MARKED      ADMITTED

None

1       Detroit, Michigan

2       Monday, February 28, 2008

3           (Proceedings began at 11:07 a.m.)

4           THE COURT: This is case number 2008-55483, People

5       versus Derrick Lee Smith. Defendant is charged in this matter

6       Counts one and two Kidnapping; Counts three and four are

7       Criminal Sexual Conduct First Degree; Count five, six, seven,

8       eight, Criminal Sexual Conduct First Degree. There is a

9       habitual fourth and a motor vehicle advisory. Today is the

10      date and time set for examination. The Defendant was

11      arraigned on January 15th.

12          Good morning Counsel, your appearances for the

13      record.

14          MS. VAN MARCKE: Good morning, your Honor, Elizabeth

15      Van Marcke for the People.

16          MS. YOUNG: Good morning, your Honor, may it please

17      this Honorable Court, Rita Young appearing on behalf of

18      Mr. Smith, who is present and standing to my right.

19          THE COURT: It's my understanding that from sidebar

20      discussion that there are a couple of issues here, one of

21      them would be that Mr. Smith has made some requests to

22      represent himself in this matter.  And two that in light of

23      the serious nature of the charges, that he has expressed

24      desire to represent himself.

25          You Ms. Young would be asking the Court to refer

3

1    the Defendant for an evaluation as to competency to stand

2    trial?

3            MS. YOUNG: Correct, your Honor and with respect to

4    criminal responsibility.

5            THE COURT: Ms. Van Marcke, do the People have any

6    position in this matter?

7            MS. VAN MARCKE: Your Honor, just for the record

8    that we are ready to proceed.

9            UNKNOWN PERSON: Turn around!

10           THE COURT: Ma'am? Ma'am?

11           UNKNOWN PERSON: He keep looking at me.

12           THE DEFENDANT: I was looking at the Prosecutor,

13   your Honor.

14           THE COURT: Face me. Don't look anywhere but in my

15   face, sir alright.

16           Ms. Van Marcke?

17           MS. VAN MARCKE: Just, your Honor, that we are ready

18   to proceed and that we would object to the Defendant

19   representing himself. I know at this time the Court is not

20   going to make any rulings regarding that, because the Court

21   will likely be referring for competency.

22           THE COURT: I am going to refer him for evaluation

23   as to competency to stand trial. I would note for the record

24   that the presumption of -- is against the Defendant

25   representing himself in Michigan without some detail inquiry,

4

1    which I'm going to make today and that motion will be taken

2    under advisement. I don't know if I'm going to be the Judge

3    who will ultimately hear the examination or not. So the

4    Defendant's bond and the bond condition of no contact is

5    continued.

6         MS. VAN MARCKE: Your Honor, I would like to address

7    the issue of bond. I do know that the Defendant is on a

8    patrol detainer at this time, but in the circumstance if that

9    detainer goes away, I believe bond as it's set is too low.

10   It's $150,000 ten percent. We have a circumstance here in

11   which there are eight life offence counts. I would ask the

12   Court to raise the bond to at least $150,000 cash, that I

13   think is appropriate to be something in the nature of

14   $500,000 cash, with the charges that are here, and the fact

15   that the Defendant was just released from the Michigan

16   Department of Corrections in October of 2007, and this

17   occurred the very beginning of this year. It's just a matter

18   of a few months that he's been out of prison and is

19   committing eight life offenses as the allegations are here.

20        THE DEFENDANT: Alleged to have committed not

21   committed ma'am.

22        THE COURT: Sir, stop.

23        THE DEFENDANT: Your Honor --

24        THE COURT: No, stop --

25        THE DEFENDANT: Your --

5

1          COURT OFFICER: She told you to stop so that's it.

2          THE COURT: Stop, stop or you will be excused, do

3     you understand that, and we'll proceed without you.

4          THE DEFENDANT: Can I speak?

5          THE COURT: No you cannot.

6          Ms. Van Marcke?

7          MS. VAN MARCKE: And he still is on parole I believe

8     until 2010.

9          MS. YOUNG: Your Honor, I would ask the Court to

10    reserve the ruling of that motion as well. He's going to be

11    referred for competency and criminal responsibility. He will

12    not be allowed to post a bond even if he has the ability to.

13    The parole detainer, that is sufficient, along with the

14    referral to -- about the Court to reserve its ruling on the

15    motion to a later date.

16         THE COURT: All right.

17         I am going to increase the bond, because I don't --

18    given his habitual fourth and the recent release from the

19    Department of Corrections, $150,000 cash. Refer him. You can

20    put him back in the back. We're going to have a date of --

21         THE DEFENDANT: I want it stated on the record, I

22    object to everything that just went down.

23         THE COURT: Sir, you're in no position to do that.

24         THE DEFENDANT: Yes, ma'am.

25         THE COURT: Put him in the back.

6

1           The date will be May 12th and that will be as to

2      competency only.

3           MS. YOUNG: Thank you, your Honor.

4           THE COURT: If there's a need, if he's found to be

5      competent, then at that point we'll schedule the examination.

6           MS. YOUNG: And the Court won't allow them -- Since

7      he's going to be evaluated then, and there to also be

8      evaluated for criminal responsibility?

9           THE COURT: No, that's a referral for both.

10          MS. YOUNG: Oh, okay.

11          THE COURT: But the competency hearing, because I

12     won't have anything to do with criminal responsibility, the

13     hearing itself. So our next adjourned date is for competency

14     only.

15          MS. YOUNG: Okay.

16          THE COURT: Okay. It's going to be May 12th,

17     competency only.

18          MS. YOUNG: Thank you, your Honor.

19          (Whereupon proceedings concluded at 11:18 a.m.)

20

21

22

23

24

25

CERTIFICATE

STATE OF MICHIGAN )

                    )ss

COUNTY OF WAYNE   )

         I, Sonya Walker, Certified Steno Mask Reporter, do hereby certify that the foregoing pages 1 through 8 is a complete, true transcript of the proceedings and testimony taken in the matter of People versus Derrick Lee Smith on Monday, February 28, 2008.

                              *Sonya Walker*

                              Sonya Walker #7727
                              421 Madison, Ste #5070
                              Detroit, Michigan 48226
                              (313) 965-6783

Dated: March 26, 2012

STATE OF MICHIGAN
## IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE
### CRIMINAL DIVISION

PEOPLE OF THE STATE OF MICHIGAN,

       *Plaintiff,*

v.

                                    Case No: 08-008639-01-FC

                                    Hon. Bridget M. Hathaway

DERRICK LEE SMITH,

       *Defendant.*

_____/

## OPINION DENYING DEFENDANT'S SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT

At a session of Court held at the Frank Murphy Hall
of Justice in the City of Detroit, Wayne County,
Michigan, on: __JUN 06 2019__
PRESENT:   HON. BRIDGET M. HATHAWAY

This matter comes before the Court on Defendant's Successive Motion for Relief from Judgment. Having fully considered the facts and arguments in the motion, Defendant's Successive Motion for Relief from Judgment is hereby **DENIED**.

### I.   FACTS AND PROCEDURAL BACKGROUND

On October 14, 2008, Defendant pled *nolo contendere* to two counts of kidnapping and six counts of first degree criminal sexual conduct. Defendant was sentenced to eight concurrent terms of 22 ½ to 75 years in prison and was ordered to lifetime electronic monitoring pursuant to MCL 750.520n. Defendant filed a delayed application for leave to appeal, which was denied by the Michigan Court of Appeals on January 4, 2010.[1] Defendant then filed an application for leave to appeal in the Michigan Supreme Court, which was denied on May 25, 2010.[2]

_____

[1] *People v Smith*, Docket No. 294843 (2010).
[2] *People v Smith*, Docket No.140415 & (14) (2010).

1

On October 21, 2013, Defendant's first motion for relief from judgment was denied. Defendant's second, third, fourth, and fifth motions for relief from judgment were denied on October 13, 2015, July 8, 2018, August 5, 2016, and July 12, 2018, respectively. Defendant now files a sixth motion for relief from judgment, alleging a speedy trial rights violation because his preliminary examination was not held within 14 days of the arraignment as required under MCL 766.1, MCL 766.4, and MCR 6.110.

## II. ANALYSIS

MCR 6.502(G) states in pertinent part: "…that regardless of whether a defendant has previously filed a motion for relief from judgment, after August 1, 1995, *one and only one* motion for relief from judgment may be filed with regard to a conviction." The only exception to this rule is under subrule (G)(2), which states that "a defendant may file a second or subsequent motion based on a retroactive change in the law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discerned before the first motion." MCR 6.502(G)(2).

For a new trial to be granted on the basis of newly discovered evidence, a defendant must show that: (1) the evidence itself, not merely its materiality, was newly discovered; (2) the newly discovered evidence was not cumulative; (3) the party could not, using reasonable diligence, have discovered and produced the evidence at trial; and (4) the new evidence makes a different result probable on retrial. *People v Cress,* 468 Mich. 678, 692 (2003), citing *People v Johnson*, 451 Mich. 115, 118 n6 (1996). The defendant carries the burden of satisfying all four parts of this test. *Id.* "The key to deciding whether evidence is 'newly discovered' or only 'newly available' is to ascertain when the defendant found out about the information at issue." *People v Terrell*, 289 Mich. App. 502, 564 (1993).

2

Further, a defendant must also show that he is entitled to relief under MCR 6.508(d)(3). That is, if a defendant alleges grounds for relief that could have been raised earlier, then his claim fails unless he shows good cause and actual prejudice. MCR 6.508(D)(3); *People v McSwain*, 259 Mich. App. 654, 681 (2003).

Defendant asks this Court to grant his successive motion for relief from judgment due to alleged newly discovered evidence that was not available to him before the filing of his previous motions for relief from judgment. Defendant argues that his recent discovery of his preliminary examination transcripts constitutes newly discovered evidence, as they allegedly were not obtained until November 21, 2018. Defendant claims it was not until he received the transcripts when he discovered that his preliminary examination was not held within 14 days of the arraignment.

A complete review of Defendant's court file reveals that the evidence in this case is not newly discovered. Defendant was aware of the date of his preliminary examination, as he was physically present in the 36th District Court the day the examination was held. Defendant admits that he specifically objected to this issue during the first day of his preliminary examination and cites page 6, lines 21-22 of the preliminary examination transcripts.[3] This very same issue was addressed again on the second day of the preliminary examination after Defendant filed a motion to dismiss all charges for the failure to hold a timely preliminary examination.[4] After denying the motion, Defendant was bound over for trial.

On August 22, 2008, Defendant's motion for the preliminary examination transcripts was granted. On November 10, 2015, the entire file and preliminary examination transcripts were

---

[3] Defendant's Successive Motion for Relief from Judgment, pg. 6
[4] Preliminary Examination Transcript, lines 20-25 (06/02/08)

mailed to the Defendant. It is clear that the Defendant had known, according to his own showing, of the preliminary examination date when he filed his previous motions for relief from judgment. Further, Defendant has not shown that he is entitled to relief under MCR 6.508(d)(3).

### III.    CONCLUSION

No retroactive change in the law has occurred and there is no newly discovered evidence. Therefore, the Defendant has not met the requirements that would entitle him to file a successive motion for relief from judgment.  Pursuant to MCR 6.502(G) and 6.508(d)(3), Defendant's Successive Motion for Relief from Judgment is **DENIED**.

Dated:    06/06/19

Hon. Bridget M. Hathaway

4

**STATE OF MICHIGAN**
**IN THE THIRD CIRCUIT COURT FOR THE COUNTY OF WAYNE**
**CRIMINAL DIVISION**

PEOPLE OF THE STATE OF MICHIGAN,

        *Plaintiff,*

v.

DERRICK LEE SMITH,

        *Defendant.*

Case No: 08-008639-01-FC
Hon. Bridget M. Hathaway

_____/

## ORDER DENYING DEFENDANT'S SUCCESSIVE MOTION FOR RELIEF FROM JUDGMENT

At a session of Court held at the Frank Murphy Hall
of Justice in the City of Detroit, Wayne County,
Michigan, on: **JUN 0 6 2019**
PRESENT:   **HON. BRIDGET M. HATHAWAY**

    The Court being advised in the premises and for the reasons stated in the attached Opinion,

    **IT IS ORDERED** that Defendant's Successive Motion for Relief from Judgment is **DENIED**.

Dated:   __06/06/19__

                            Hon. Bridget M. Hathaway



# THIRD JUDICIAL CIRCUIT
OF MICHIGAN

BRIDGET MARY HATHAWAY
CIRCUIT COURT JUDGE

401 FRANK MURPHY HALL OF JUSTICE
1441 ST. ANTOINE STREET
DETROIT, MICHIGAN 48226

(313) 224-2481

June 6, 2019

Derrick Lee Smith #267009
Muskegon Correctional Facility
2400 S. Sheridan Drive
Muskegon, MI 49442

        Re:    *State of Michigan v. Derrick Lee Smith*
               Case No. 08-008639-01-FC

Dear Mr. Smith,

Attached please find a copy of the Opinion and Order Denying Defendant's Successive
Motion for Relief from Judgment.

               Respectfully,

               NI
               Judicial Attorney to the
               Hon. Bridget M. Hathaway

STATE OF MICHIGAN

COUNTY OF ST. CLAIR          SWORN  AFFIDAVIT OF

WITNESS KATHRYN LYNN PRESTON

In January 2008, Derrick Smith, Tina Bommaritto, Andrea Bommaritto and Myself were in a vehicle where Tina, Derrick & Andrea had picked me up after they left a club, we drove around in the city just chilling and relaxing and then our vehicle was pulled over by a Detroit Police Cruiser, Derrick was in the back seat and we were in the other seats... One officer approached the vehicle .. Derrick knew this was strange because officers always have partners... The man approached the vehicle after he turned his own lights off, asked for my Driver's License, then pulled his weapon out and made everyone slide over and he had the Gun on Derrick...

   The officer placed me in cuffs, the two women (Tina & Andrea) both knew him... Derrick was taken aback by this guy.. He knew him too and said, Sgt. Cobb!  Cobb said to Derrick that he told him he would get him back! Sgt. Cobb gagged me and then cuffed Derrick up. He then had Tina & Andrea call 911 on their phone and then they drove around... He forced Derrick to read from a book and threatened to kill me by putting his gun to my head, and Derrick complied with what he said! Then, the ladies drove around Detroit with the car and made it seem as if they had been kidnapped and raped by Derrick and then Officer Cobb told them they did a good job and he would throw away the Criminal Case he had on them if they testified that Derrick raped them and kidnapped them! They agreed fully and then the Officer said that he was going to kill me!

   We then were taken aback by Tina to a dark street in the car where his squad car was parked, and he said that he was going to now "Save the Two Women" and kill me and Derrick.. The next thing I know is Derrick is grappling with this officer and then started choking the officers while his hands were cuffed by using the cuffs to choke him with.. I then grabbed the cuff keys and helped Derrick out of them then, Mr. Cobb came awake and Derrick was out of the cuffs by then and he grabbed the weapon out of the officers holster and the man took off and Derrick told the women to get down and shot at him through the open window getting the officer in his back.. He yelled real loud and Derrick said, He's wearing his vest.. Then Derrick went crazy and told the two women that they are wrong to set him up and then Derrick told me to leave so that I can be alright and to get away from the 2 women, and then after I hid behind a porch, officers pulled up and they took Derrick into custody.. I was scared and did not know what to do.. Then I see Derrick serving time for a crime he did not do and now I want to come forward to tell what happened.

I will attest to these events because they are true.. Derrick did not rape or kidnap anyone, he is an innocent man... He took a plea because he did not stand a chance in court.. But he can get the truth told and I will testify at Trial...

Thank you.

*Kathryn Lynn Preston*

KATHRYN LYNN PRESTON

WITNESS FOR DERRICK LEE SMITH

Before me Alysa Morris, a Notary Public in and for St Clair County, State of MI personally appeared Kathryn Preston and he/she being first duly sworn by me upon his/her oath says that the facts alleged in the foregoing instrument are true. Dated this 27 day of Sept , 20 18

(Signed) Alysa N Morris
Notary Public

ALYSA N MORRIS, Notary Public
State of Michigan, County of St. Clair
My Commission Expires 09/10/2023
Acting in the County of St. Clair

Derrick Smith
267009-41053B
MCF-2900 S. Sheridan Drive
Muskegon, MI 49442

Clerk of the Court
U.S. District Court
231 W. Lafayette Blvd
Detroit, MI 48226

RECEIVED
JUN 21 2019
CLERKS OFFICE
U.S. DISTRICT COURT



US POSTAGE PITNEY BOWES

ZIP 49442
02 4M
0000362114 JUN 17 2019
$ 001.75°



# CIVIL COVER SHEET FOR PRISONER CASES

| Case No. 19-11850 | Judge: George Caram Steeh | Magistrate Judge: Anthony P. Patti |
|---|---|---|

**Name of 1ˢᵗ Listed Plaintiff/Petitioner:**

DERRICK LEE SMITH

**Name of 1ˢᵗ Listed Defendant/Respondent:**

S.L. BURT

**Inmate Number:** 267009

**Additional Information:**

**Plaintiff/Petitioner's Attorney and Address Information:**

**Correctional Facility:**

Muskegon Correctional Facility

2400 S. Sheridan
Muskegon, MI 49442
MUSKEGON COUNTY

**BASIS OF JURISDICTION**
☐ 2 U.S. Government Defendant
☒ 3 Federal Question

**NATURE OF SUIT**
☒ 530 Habeas Corpus
☐ 540 Mandamus
☐ 550 Civil Rights
☐ 555 Prison Conditions

**ORIGIN**
☒ 1 Original Proceeding
☐ 5 Transferred from Another District Court
☐ Other:

**FEE STATUS**
☐ IFP *In Forma Pauperis*
☒ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. **Is this a case that has been previously dismissed?**
   ☐ Yes     ☒ No
   ➢ **If yes, give the following information:**

   Court: _____

   Case No: _____

   Judge: _____

2. **Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)**
   ☐ Yes     ☒ No
   ➢ **If yes, give the following information:**

   Court: _____

   Case No: _____

   Judge: _____